IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT FAUNCE,

              Plaintiff,

    v.

DR. PAULSON, N.P. AMY MANN,
DR. DEGNER, R.N. KAREN IRELAND,
R.N. C. PRIES, NURSE MGR. C. COFFEE,
A. KIDWELL,

              Defendants.

Case No. 6:17-cv-01470-YY

ORDER

HERNÁNDEZ, District Judge:

      Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action *pro se*. In his complaint, Plaintiff asserts Eighth Amendment claims of cruel and unusual punishment against several doctors and nurses and a grievance coordinator on grounds that they deprived him of medical inhalers (Claim One); adequate medical care for his cataract (Claim Two); and Veterans Administration benefits and care by doctors outside the penitentiary (Claim Three). Complaint, ECF # 2, at 4-6. Plaintiff has filed a Motion for Preliminary Injunction (ECF #11) seeking an "order enjoining the Library Coordinator of the Oregon State Penitentiary to honor all legitimate requests by Plaintiff to photocopy documents that are relevant to the prosecution of

1 - ORDER

this action, including but not limited to the Complaint, dispositive motions, communications with opposing counsel, discovery documents, and requests for discovery."

**A.     Standards**

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755,759 (9th Cir. 2014) (court may issue injunction if there are serious questions going to the merits and the balance of hardships tip sharply towards the plaintiff, provided he also shows there is a likelihood of irreparable injury and the injunction is in the public interest).

**B.     Analysis**

Plaintiff seeks a preliminary injunction requiring the Library Coordinator, who is not a party to this action, to provide him with photocopies. Rule 65(d)(2) of the Federal Rules of Civil Procedure provides that a preliminary injunction is binding on non-parties "who are in active concert or participation" with the parties or their officers, agents, servants, employees, and attorneys. Plaintiff has not established that the Library Coordinator is in active concert or participation with the medical professionals or grievance coordinator who are the defendants in this case.

Plaintiff's motion also fails because he has not established the likelihood of success on the merits of his underlying claims. Plaintiff's preliminary injunction pertains to photocopies; however, his complaint alleges Eighth Amendment claims based on the denial of medical treatment. Thus, in his motion for preliminary injunction, Plaintiff has failed to establish that he

is likely to prevail on the merits of his underlying Eighth Amendment claims. *See Klassy v. Feather*, 2013 WL 6827925, *1-2 (D. Or., Dec. 20, 2013) (plaintiff alleging denial of religious freedom rights under First Amendment was not entitled to preliminary injunctive relief requiring prison officials to provide access to legal materials).

## **CONCLUSION**

For these reasons, Plaintiff's Motion for Preliminary Injunction (ECF #11) is DENIED.

IT IS SO ORDERED.

DATED this 17 day of November, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER